FILED
IN CLERK'S OFFICE
U.S. DISTRICT COURT, E.D.N.Y.

★ NOV 14 2006 ★

BROOKLYN OFFICE

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
------------------------------------------------------------- X

TERRIE D. PEMBERTON,

              Petitioner,

-against-

WARDEN,
*Eastern Correctional Facility*,

              Respondent.

------------------------------------------------------------- X

06 CV 5598 (ARR)

<u>NOT FOR ELECTRONIC OR PRINT PUBLICATION</u>

MEMORANDUM AND ORDER

ROSS, United States District Judge:

    Petitioner Terrie D. Pemberton, who is currently incarcerated at Eastern Correctional Facility, brings this *pro se* petition for relief from a judgment of conviction entered in Kings County. The Court construes his filing as a petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254. For the reasons set forth below, petitioner is granted leave to amend his petition within thirty (30) days of the date of this Order.

## BACKGROUND

    Following a jury trial in New York Supreme Court, Kings County, petitioner was convicted on August 21, 2001 of sodomy in the first degree and sentenced to serve a term of incarceration of 12 ½ years.

    Petitioner appealed his conviction, which was affirmed on May 5, 2003 by the New York Supreme Court, Appellate Division, Second Department ("Appellate Division"). <u>People v. Pemberton</u>, 758 N.Y.S.2d 518, 2003 N.Y. Slip Op. 13896 (2d Dep't 2003). Petitioner then sought leave to appeal to the New York State Court of Appeals, which denied his application on

June 26, 2003. People v. Pemberton, 100 N.Y.2d 564 (2003). Petitioner apparently did not seek a writ of certiorari from the United States Supreme Court.

In addition to pursuing his direct appeal, petitioner collaterally attacked his judgment of conviction. He filed an "application for a de novo appeal" on May 11, 2004, which was construed as a writ of error coram nobis and denied by the Appellate Division on November 15, 2004. People v. Pemberton, 784 N.Y.S.2d 366, 2004 N.Y. Slip Op. 08246 (2d Dep't 2004). The Court of Appeals denied leave to appeal on March 30, 2005. People v. Pemberton, 4 N.Y.3d 834 (2005). He filed a second writ of error coram nobis on January 25, 2005, which was denied by the Appellate Division on May 31, 2005. People v. Pemberton, 795 N.Y.S.2d 468, 2005 N.Y. Slip Op. 04436 (2d Dep't 2005). The Court of Appeals again denied leave to appeal on September 20, 2005. People v. Pemberton, 5 N.Y.3d 832 (2005).

Petitioner asserts that he also filed a motion to vacate the judgment pursuant to N.Y.C.P.L. § 440.10 on August 16, 2005, which was denied on December 5, 2005, and that leave to appeal was denied by the Appellate Division on March 10, 2006. Petitioner does not submit citations for these decisions, nor any other evidence that would allow the Court to verify these dates.

The instant petition, dated October 3, 2006, was received by the United States District Court for the Eastern District of New York on October 12, 2006. It consists of a hand-written letter addressed to the Pro Se Office, a time-line of petitioner's post-conviction filings in state court, and copies of petitioner's briefs submitted in his two petitions for a writ of error coram nobis and his N.Y.C.P.L. § 440.10 motion.

## DISCUSSION

I. <u>The Requirements of the Antiterrorism and Effective Death Penalty Act of 1996</u>

In enacting the Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA"), Congress established a series of procedural requirements for the filing of an application for a writ of habeas corpus by a person in custody pursuant to a State court judgment. In particular, AEDPA requires that a petitioner exhaust each claim he wishes to raise in federal court by first seeking remedies that may be available in the courts of the state in which he was convicted. <u>See</u> 28 U.S.C. § 2254(b)(1). AEDPA also established a one-year period of limitations for filing a petition.[1] If a "properly filed" application for State post-conviction or other collateral review with respect to the judgment of conviction was "pending" at any time during that one-year period, the time during which this application was pending does not count toward the one-year period. 28 U.S.C. § 2244(d)(2).

The AEDPA statute of limitations is not jurisdictional and may be equitably tolled. <u>Smith v. McGinnis</u>, 208 F.3d 13, 17 (2d Cir.) (*per curiam*), <u>cert. denied</u>, 531 U.S. 840 (2000). "Equitable tolling, however, is only appropriate in 'rare and exceptional circumstances.'" <u>Smaldone v. Senkowski</u>, 273 F.3d 133, 138 (2d Cir. 2001), <u>cert. denied</u>, 535 U.S. 1017 (2002) (quoting <u>Smith</u>, 208 F.3d at 17). A petitioner "must demonstrate that he acted with 'reasonable diligence' during the period he wishes to have tolled, but that despite his efforts, extraordinary circumstances 'beyond his control' prevented successful filing during that time." <u>Id.</u>; <u>see also</u> <u>Baldayaque v. United States</u>, 338 F.3d 145, 152-53 (2d Cir. 2003), <u>Valverde v. Stinson</u>, 224 F.3d 129, 133 (2d Cir. 2000).

---

[1] For petitioner's convenience, a copy of 28 U.S.C. § 2254 is attached to this Order, in addition to a blank form for filing a petition by an individual in state custody. The specific requirements for meeting the statute of limitations are reproduced on page 14 of that form.

## II. Petitioner's Submission

It is clear from petitioner's letter that he is a prisoner in the custody of New York state pursuant to the judgment of a New York state court. The appropriate means to challenge that custody in federal court is through a petition for habeas corpus pursuant to 28 U.S.C. § 2254. Accordingly, the Court construes his letter as a petition pursuant to that provision. The petition is deemed to have been filed on the date petitioner submitted his papers to prison officials for mailing.[2] See Noble v. Kelly, 246 F.3d 93 (2d Cir. 2001).

Petitioner is hereby granted leave to file an amended petition for a writ of habeas corpus, in which he clearly sets out each of the grounds upon which he seeks relief from his conviction or sentence and what steps he took to raise each claim in state court.[3] He may use the form provided by the Court or detail the requested information in a format of his own choosing.

The Court's preliminary computation of the time since petitioner's appeal was concluded and during which no state court motion was pending, based on the dates provided by petitioner, suggests that petitioner's application for habeas corpus relief pursuant to 28 U.S.C. § 2254 may be time-barred. Since petitioner did not seek a writ of certiorari from the United States Supreme Court, petitioner's judgment of conviction became final on September 24, 2003, ninety days after the Court of Appeals denied leave to appeal. See Williams v. Artuz, 237 F.3d 147, 150-51 (2d Cir.), cert. denied, 534 U.S. 924 (2001). If 28 U.S.C. § 2244(d)(1)(B)-(D) are inapplicable to this

---

[2] Petitioner does not attest to the date on which he delivered his papers to the prison mailing system. The Court notes that the letter is dated October 3, 2006 and that it was received by the Court on October 12, 2006.

[3] Petitioner is further reminded that he should include each claim upon which he believes he is entitled to relief, as the AEDPA imposes "stringent limits on a prisoner's ability to bring a second or successive application for a writ of habeas corpus." Adams v. United States, 155 F.3d 582, 583 (2d Cir. 1998) (per curiam).

4

case, petitioner had one year from September 24, 2003, to petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254. See Smith, 208 F.3d at 15.

In this case, petitioner alleges that he filed the first of his post-conviction motions on May 11, 2004, after 230 days had elapsed, and leaving him with a balance of 135 days within which to file his § 2254 petition. A properly filed application for State post-conviction or other collateral review typically tolls the period "from the time it is first filed until finally disposed of and further appellate review is unavailable under the particular state's procedures." Bennett v. Artuz, 199 F.3d 116, 120 (2d Cir. 1999), aff'd, 531 U.S. 4 (2000); see also Cortorreal v. Artuz, 281 F. Supp. 2d 524, 526-27 (E.D.N.Y. 2003). If petitioner is to be given credit for the overlapping periods during which his state petitions for relief were pending, the period between May 11, 2004 and March 10, 2006 shall not be counted toward the one year period of limitation. However, petitioner then let at least another 207 days elapse prior to filing his petition in this Court, more than the 135 days remaining.

Petitioner is therefore directed to show cause why the AEDPA's statute of limitations should not bar the instant petition. See Day v. McDonough, – U.S. –, 126 S. Ct. 1675, 1684 (2006); Acosta, 221 F.3d at 125. Petitioner may use the form provided to detail his allegations regarding the dates he filed each of his state court petitions and motions, the dates of the decisions on his motion to vacate the judgment pursuant to N.Y.C.P.L. § 440.10, and the date on which he delivered his letter dated October 3, 2006 to prison officials. Petitioner shall append any documentary evidence, if available, supporting his allegations concerning these dates. Should petitioner have a basis to ask the Court to equitably toll the statute of limitations, he shall

5

present those facts to the Court in the amended complaint.

No response shall be required from respondent at this time and all further proceedings shall be stayed for thirty (30) days or until the petitioner has complied with this Order. If petitioner fails to comply with this Order within the time allowed, the instant petition may be dismissed as time-barred.

SO ORDERED.

ALLYNE R. ROSS
United States District Judge

Dated: Brooklyn, New York
November 9, 2006