AMENDED

# PETITION UNDER 28 U.S.C. § 2254 FOR WRIT OF HABEAS CORPUS BY A PERSON IN STATE CUSTODY

| United States District Court | District EASTERN |
|---|---|
| Name (under which you were convicted): TERRIE D. PEMBERTON | Docket or Case No.: 06 CV 5598(ARR) |
| Place of Confinement: FISHKILL CORRECTIONAL FACILITY | Prisoner No.: 01-A-4912 |
| Petitioner (include the name under which you were convicted) TERRIE D. PEMBERTON | v. Respondent (authorized person having custody of petitioner) WILLIAM J. CONNOLLY, Superintendent. |
| The Attorney General of the State of Hon. Eliot Spitzer | |

RECEIVED DEC 15 2006 PRO SE OFFICE

## PETITION

1. (a) Name and location of court that entered the judgment of conviction you are challenging: Supreme Court of the State of New York, Kings County, Part 2

   (b) Criminal docket or case number (if you know): No. 0680-2006, Ind.#5866/00

2. (a) Date of the judgment of conviction (if you know): August 8, 2001

   (b) Date of sentencing: August 21, 2001

3. Length of sentence: 12½ Years

4. In this case, were you convicted on more than one count or of more than one crime? Yes ☐ No ☒

5. Identify all crimes of which you were convicted and sentenced in this case: Penal Law § 130.50 [3] Sodomy in the first degree.

6. (a) What was your plea? (Check one)

   (1) Not guilty ☒ (3) Nolo contendere (no contest) ☐

   (2) Guilty ☐ (4) Insanity plea ☐

   (b) If you entered a guilty plea to one count or charge and a not guilty plea to another count or charge, what did you plead guilty to and what did you plead not guilty to?

FCF #3

FCF #3



(c) If you went to trial, what kind of trial did you have? (Check one)

Jury ☒ Judge only ☐

7. Did you testify at either a pretrial hearing, trial or a post-trial hearing?

Yes ☐ No ☒

8. Did you appeal from the judgment of conviction?

Yes ☒ No ☐

9. If you did appeal, answer the following:

(a) Name of court: Appellate Division, Second Deparment

(b) Docket or case number (if you know): No.08788-2001

(c) Result: May 5, 2003 Denied, Judgment Affirmed

(d) Date of result (if you know): May 5, 2003

(e) Citation to the case (if you know):

(f) Grounds raised: THE COURT DEPRIVED APPELLANT OF HIS RIGHTS TO DUE PROCESS AND AN IMPARTIAL JURY BY DENYING HIS CHALLENGE FOR CAUSE TO A PROSPECTIVE JUROR WHO ADMITTED THAT, EVEN THOUGH SHE KNEW SHE SHOULD AFFORD APPELLANT THE PRESUMPTION OF HIS INNOCENCE, SHE MIGHT NOT BE ABLE TO DO SO IN THIS CASE BECAUSE IT INVOLVED ALLEGATIONS THAT APPELLANT SEXUALLY ASSAULTED A CHILD.

(g) Did you seek further review by a higher state court? Yes ☒ No ☐

If yes, answer the following:

(1) Name of court: COURT OF APPEALS -- NEW YORK

(2) Docket or case number (if you know): No. 08788/2001

(3) Result: Leave to Appeal denied

(4) Date of result (if you know): June 26, 2003

(5) Citation to the case (if you know):

(6) Grounds raised: THE COURT DEPRIVED APPELLANT OF HIS RIGHTS TO DUE PROCESS AND AN IMPARTIAL JURYBY DENYING HIS CHALLENGE FOR CAUSE.

FCF #3

(h) Did you file a petition for certiorari in the United States Supreme Court? Yes ☐ No ☒

If yes, answer the following:

(1) Docket or case number (if you know):

(2) Result: ______

(3) Date of result (if you know): ______

(4) Citation to the case (if you know): ______

10. Other than the direct appeals listed above, have you previously filed any other petitions, applications, or motions concerning this judgment of conviction in any state court?

Yes ☒ No ☐

11. If your answer to Question 10 was "Yes," give the following information:

(a) (1) Name of court: APPELLATE DIVISION, SECOND DEPARTMENT

(2) Docket or case number (if you know): No. 08788/2001

(3) Date of filing (if you know): May 11, 2004

(4) Nature of the proceeding: APPLICATION FOR A WRIT OF ERROR CORAM NOBIS

(5) Grounds raised: POINT 1: THE SENTENCE WAS IMPOSED ILLEGALLY AND THE MATTER MUST BE REMANDED TO THE COURT FOR PROPER PROCEEDING AND DETERMINATION. POINT 2: THERE WAS INSUFFICIENT EVIDENCE TO PROVE THE PEOPLE'S CASE BEYOND A REASONABLE DOUBT. POINT 3: THE REPEATED ADMISSION INTO THE EVIDENCE OF COMPLAINANT'S PRIOR CONSISTENT STATEMENTS CONSTITUTED INADMISSIBLE HEARSAY WHICH IMPROPERLY BOLSTERED THE COMPLAINANT'S TESTIMONY OF THE ALLEGED INCIDENT. POINT 4: APPELLATE COUNSEL WAS INEFFECTIVE FOR FAILING TO RAISE THREE ISSUES: 1 PERIOD OF POST RELEASE Cont.

(6) Did you receive a hearing where evidence was given on your petition, application, or motion?

Yes ☒ No ☐

(7) Result: APPLICATION WAS DENIED -- JUDGMENT AFFIRMED

(8) Date of result (if you know): NOVEMBER 15, 2004

(b) If you filed any second petition, application, or motion, give the same information:

(1) Name of court: SUPREME COURT, APPELLATE DIVISION SECOND DEPARTMENT

(2) Docket or case number (if you know): No. 08788/2001

(3) Date of filing (if you know): JANUARY 25, 2005

(4) Nature of the proceeding: WRIT OF ERROR CORAM NOBIS (RE-FILED)

(5) Grounds raised: PETITIONER WAS DEPRIVED OF HIS CONSTITUTIONAL RIGHT TO EFFECTIVE ASSISTANCE OF APPELLATE COUNSEL. APPELLATE COUNSEL WAS INEFFECTIVE FOR FAILING TO RAISE IMPORTANT ISSUES ON DIRECT APPEAL. DEFENDANT WAS DEPRIVED OF DUE PROCESS & A FAIR TRIAL BECAUSE OF NUMEROUS IMPROPER STATEMENT DURING SUMMATION WHICH MISLED THE JURY AND MISREPRESENTED THE FACTS.

FCF #3

POINT 4 CONT.

SUPERVISION. 2. DISMISSAL OF THE SOLE COUNT UPON WHICH APPELLANT IS CONVICTED FOR LACK OF CREDIBLE EVIDENCE, AND/OR 3. REVERSAL AND A NEW TRIAL FOR THE IMPROPER AND HIGHLY PREJUDICIAL ADMISSION OF HEAR SAY TESTIMONY IN DIRECT VIOLATION OF NEW YORK'S PROMPT OUTCRY RULE.

FCF #3

(6) Did you receive a hearing where evidence was given on your petition, application, or motion?

Yes ☒ No ☐

(7) Result: APPLICATION DENIED

(8) Date of result (if you know): MAY 31, 2005 LEAVE DENIED 9/20/05

(c) If you filed any third petition, application, or motion, give the same information:

(1) Name of court: SUPREME COURT OF THE STATE OF NEW YORK

(2) Docket or case number (if you know): No. 0680/2006

(3) Date of filing (if you know): AUGUST 11, 2005

(4) Nature of the proceeding: MOTION TO VACATE JUDGMENT CPL § 440.10

(5) Grounds raised: 1. DEFENSE COUNSEL WAS INEFFECTIVE FOR NOT CONSULTING OR CALLING A WITNESS, THAT IS, A DNA EXPERT WITNESS. 2. DEFENSE COUNSEL FOR NOT CONSULTING OR CALLING A MEDICAL EXPERT AS A WITNESS OR THE PHYSICIAN WHO EXAMINED THE COMPLAINANT. 3. DEFENSE COUNSEL WAS INEFFECTIVE FOR NOT CALLING OR CONSULTING WITH AN EXPERT PSYCHOLOGIST WHO SPECIALIZES IN SUGGESTABILITY OF CHILDREN.

(6) Did you receive a hearing where evidence was given on your petition, application, or motion?

Yes ☒ No ☐

(7) Result: DENIED

(8) Date of result (if you know): DECEMBER 5, 2005 -- LEAVE DENIED 3/10/06

(d) Did you appeal to the highest state court having jurisdiction over the action taken on your petition, application, or motion?

(1) First petition: Yes ☒ No ☐

(2) Second petition: Yes ☐ No ☐

(3) Third petition: Yes ☐ No ☐

(e) If you did not appeal to the highest state court having jurisdiction, explain why you did not:

FCF #3

12. For this petition, state every ground on which you claim that you are being held in violation of the Constitution, laws, or treaties of the United States. Attach additional pages if you have more than four grounds. State the facts supporting each ground.

CAUTION: To proceed in the federal court, you must ordinarily first exhaust (use up) your available state-court remedies on each ground on which you request action by the federal court. Also, if you fail to set forth all the grounds in this petition, you may be barred from presenting additional grounds at a later date.

**GROUND ONE:** THE COURT DENIED APPELLANT OF HIS RIGHT TO DUE PROCESS AND AN IMPARTIAL JURY.

(a) Supporting facts (Do not argue or cite law. Just state the specific facts that support your claim.): BY DENYING A CHALLENGE FOR CAUSE TO A PROSPECTIVE JUROR WHO ADMITTED THAT THAT EVEN THOUGH SHE KNEW SHE SHOULD AFFORD APPELLANT THE PRESUMPTION OF HIS INNOCENCE, SHE MIGHT NOT BE ABLE TO DO SO IN THIS CASE BECAUSE IT INVOLVED ALLEGATIONS THAT APPELLANT SEXUALLY ASSAULTED A CHILD.

(b) If you did not exhaust your state remedies on Ground One, explain why:

(c) **Direct Appeal of Ground One:**

(1) If you appealed from the judgment of conviction, did you raise this issue?

Yes ☒ No ☐

(2) If you did not raise this issue in your direct appeal, explain why:

(d) **Post-Conviction Proceedings:**

(1) Did you raise this issue through a post-conviction motion or petition for habeas corpus in a state trial court?

Yes ☒ No ☐

(2) If your answer to Question (d)(1) is "Yes," state:

Type of motion or petition: BRIEF WAS FILED BY APPELLATE ATTORNEY

Name and location of the court where the motion or petition was filed: APPELLATE DIVISION SECOND DEPARTMENT

Docket or case number (if you know): No. 08788/2001

Date of the court's decision: May 5, 2003 Denied

Result (attach a copy of the court's opinion or order, if available): ______

(3) Did you receive a hearing on your motion or petition?

Yes ☐ No ☒

(4) Did you appeal from the denial of your motion or petition?

Yes ☒ No ☐

(5) If your answer to Question (d)(4) is "Yes," did you raise this issue in the appeal?

Yes ☒ No ☐

(6) If your answer to Question (d)(4) is "Yes," state:

Name and location of the court where the appeal was filed: NEW YORK STATE COURT OF APPEALS APPLICATION FOR DE NOVO APPEAL (WRIT OF ERROR CORAM NOBIS).

Docket or case number (if you know): ______

Date of the court's decision: ______

Result (attach a copy of the court's opinion or order, if available): ______

(7) If your answer to Question (d)(4) or Question (d)(5) is "No," explain why you did not raise this issue:

(e) **Other Remedies:** Describe any other procedures (such as habeas corpus, administrative remedies, etc.) that you have used to exhaust your state remedies on Ground One: AFFIDAVIT IN SUPPORT OF APPLICATION FOR A DE NOVO APPEAL (WRIT OF ERROR CORAM NOBIS).

**GROUND TWO:** DEFENDANT WAS DENIED HIS VI AMENDMENT RIGHT TO EFFECTIVE ASSISTANCE OF APPELLATE COUNSEL.

(a) Supporting facts (Do not argue or cite law. Just state the specific facts that support your claim.): POINT I : THE SENTENCE WAS IMPOSED ILLEGALLY AND THE MATTER MUST NOW BE REMANDED TO THE COURT FOR A PROPER PROCEEDING AND DETERMINATION POINT 2 : THERE WAS INSUFFICIENT EVIDENCE TO PROVE THE PEOPLE'S CASE BEYOND A REASONABLE DOUBT. POINT 3 : THE REPEATED ADMISSION INTO EVIDENCE OF COMPLAINANTS PRIOR CONSISTENT STATEMENTS CONSTI_ TUTED INADMISSIBLE HEAR SAY WHICH IMPROPERLY BOLSTERED THE COM_ PLAINT'S TESTIMONY OF THE ALLEGED INCIDENT. POINT 4:

Cont. on next page...

FCF #3

POINT 4 CONT.

APPELLATE COUNSEL WAS INEFFECTIVE FOR FAILING TO RAISED THREE ISSUES: 1. A PERIOD OF POST RELEASE SUPERVISION OF 2½ YEARS, 2. DISMISSAL OF THE SOLE COUNT UPON WHICH APPELLANT IS CONVICTED FOR LACK OF CREDIBLE EVIDENCE AND/OR 3. A REVERSAL AND NEW TRIAL FOR THE IMPROPER AND HIGHLY PREJUDICIAL HEAR SAY TESTIMONY.

ECF #3

(c) **Direct Appeal of Ground Two:**

(1) If you appealed from the judgment of conviction, did you raise this issue?

Yes ☐ No ☒

(2) If you did not raise this issue in your direct appeal, explain why: APPELLATE COUNSEL FELT THAT THE ONLY VIABLE ISSUE IN THE CASE WAS THE ONE HE RAISED.

(d) **Post-Conviction Proceedings:**

(1) Did you raise this issue through a post-conviction motion or petition for habeas corpus in a state trial court?

Yes ☒ No ☐

(2) If your answer to Question (d)(1) is "Yes," state:

Type of motion or petition: NOTICE OF PETITION FOR WRIT OF ERROR CORAM NOBIS

Name and location of the court where the motion or petition was filed: SUPREME COURT APPELLATE DIVISION, SECOND DEPARTMENT

Docket or case number (if you know): No. 08788/2001

Date of the court's decision: May 31, 2005

Result (attach a copy of the court's opinion or order, if available):

(3) Did you receive a hearing on your motion or petition?

Yes ☒ No ☐

(4) Did you appeal from the denial of your motion or petition?

Yes ☒ No ☐

(5) If your answer to Question (d)(4) is "Yes," did you raise this issue in the appeal?

Yes ☒ No ☐

(6) If your answer to Question (d)(4) is "Yes," state:

Name and location of the court where the appeal was filed: SUPREME COURT OF THE STATE OF NEW YORK, COUNTY OF KINGS

Docket or case number (if you know): No. 0680/2006

Date of the court's decision: DECEMBER 5, 2005

Result (attach a copy of the court's opinion or order, if available):

FCF #3

(7) If your answer to Question (d)(4) or Question (d)(5) is "No," explain why you did not raise this issue:

(e) **Other Remedies:** Describe any other procedures (such as habeas corpus, administrative remedies, etc.) that you have used to exhaust your state remedies on Ground Two: MOTION TO VACATE JUDGMENT PURSUANT TO C.P.L. § 440.10

**GROUND THREE:** INEFFECTIVE ASSISTANCE OF COUNSEL

(a) Supporting facts (Do not argue or cite law. Just state the specific facts that support your claim.): 1. DEFENSE COUNSEL WAS INEFFECTIVE FOR NOT CONSULTING OR CALLING AS A WITNESS A DNA EXPERT. 2. DEFENSE COUNSEL WAS INEFFECTIVE FOR NOT CONSULTING OR CALLING AS A WITNESS A MEDICAL EXPERT OR PHYSICIAN WHO EXAMINED THE COMPLAINANT. 3. DEFENSE COUNSEL WAS INEFFECTIVE FOR NOT CONSULTING OR CALLING AN EXPERT PSYCHOLOGIST WHO IS AN EXPERT IN THE AREA OF SUGGESTIBILITY OF CHILDREN.

(b) If you did not exhaust your state remedies on Ground Three, explain why:

(c) **Direct Appeal of Ground Three:**

(1) If you appealed from the judgment of conviction, did you raise this issue?

Yes ☒ No ☐

(2) If you did not raise this issue in your direct appeal, explain why: MY APPELLATE COUNSEL FELT THAT THE ONLY VIABLE ISSUE IN THE CASE WAS THE ONE HE RAISED.

(d) **Post-Conviction Proceedings:**

(1) Did you raise this issue through a post-conviction motion or petition for habeas corpus in a state trial court?

Yes ☒ No ☐

(2) If your answer to Question (d)(1) is "Yes," state:

Type of motion or petition: APPLICATION FOR A CERTIFICATE OF LEAVE TO APPEAL.

Name and location of the court where the motion or petition was filed: SUPREME COURT APPELLATE DIVISION SECOND DEPARTMENT

FCF #3

Docket or case number (if you know): No. 0680/2006

Date of the court's decision: MARCH 10, 2006

Result (attach a copy of the court's opinion or order, if available): ______

(3) Did you receive a hearing on your motion or petition?

Yes ☒ No ☐

(4) Did you appeal from the denial of your motion or petition?

Yes ☐ No ☒

(5) If your answer to Question (d)(4) is "Yes," did you raise this issue in the appeal?

Yes ☐ No ☐

(6) If your answer to Question (d)(4) is "Yes," state:

Name and location of the court where the appeal was filed: ______

Docket or case number (if you know): ______

Date of the court's decision: ______

Result (attach a copy of the court's opinion or order, if available): ______

(7) If your answer to Question (d)(4) or Question (d)(5) is "No," explain why you did not raise this issue: ______

(e) **Other Remedies:** Describe any other procedures (such as habeas corpus, administrative remedies, etc.) that you have used to exhaust your state remedies on Ground Three: ______

**GROUND FOUR:** ______

(a) Supporting facts (Do not argue or cite law. Just state the specific facts that support your claim.): ______

FCF #3

(b) If you did not exhaust your state remedies on Ground Four, explain why:

(c) **Direct Appeal of Ground Four:**

(1) If you appealed from the judgment of conviction, did you raise this issue?

Yes ☐ No ☐

(2) If you did not raise this issue in your direct appeal, explain why:

(d) **Post-Conviction Proceedings:**

(1) Did you raise this issue through a post-conviction motion or petition for habeas corpus in a state trial court?

Yes ☐ No ☐

(2) If your answer to Question (d)(1) is "Yes," state:

Type of motion or petition:

Name and location of the court where the motion or petition was filed:

Docket or case number (if you know):

Date of the court's decision:

Result (attach a copy of the court's opinion or order, if available):

(3) Did you receive a hearing on your motion or petition?

Yes ☐ No ☐

(4) Did you appeal from the denial of your motion or petition?

Yes ☐ No ☐

(5) If your answer to Question (d)(4) is "Yes," did you raise this issue in the appeal?

Yes ☐ No ☐

(6) If your answer to Question (d)(4) is "Yes," state:

Name and location of the court where the appeal was filed:

Docket or case number (if you know):

Date of the court's decision:

Result (attach a copy of the court's opinion or order, if available):

FCF #3

______________________________

______________________________

(7) If your answer to Question (d)(4) or Question (d)(5) is "No," explain why you did not raise this issue:

______________________________

______________________________

______________________________

______________________________

(e) **Other Remedies:** Describe any other procedures (such as habeas corpus, administrative remedies, etc.) that you have used to exhaust your state remedies on Ground Four: ______________________________

______________________________

______________________________

______________________________

______________________________

13. Please answer these additional questions about the petition you are filing:

(a) Have all grounds for relief that you have raised in this petition been presented to the highest state court having jurisdiction? Yes ☒ No ☐

If your answer is "No," state which grounds have not been so presented and give your reason(s) for not presenting them: ______________________________

______________________________

______________________________

______________________________

(b) Is there any ground in this petition that has not been presented in some state or federal court? If so, which ground or grounds have not been presented, and state your reasons for not presenting them: ______________

______________________________

______________________________

______________________________

14. Have you previously filed any type of petition, application, or motion in a federal court regarding the conviction that you challenge in this petition? Yes ☐ No ☒

If "Yes," state the name and location of the court, the docket or case number, the type of proceeding, the issues raised, the date of the court's decision, and the result for each petition, application, or motion filed. Attach a copy of any court opinions or orders, if available. ______________________________

______________________________

______________________________

______________________________

______________________________

______________________________

______________________________

FCF #3

15. Do you have any petition or appeal now pending (filed and not decided yet) in any court, either state or federal, for the judgment you are challenging? Yes ☐ No ☒

If "Yes," state the name and location of the court, the docket or case number, the type of proceeding, and the issues raised. ______

16. Give the name and address, if you know, of each attorney who represented you in the following stages of the judgment you are challenging:

(a) At preliminary hearing: CHARLES H. BLAKELEY, 111 LIVINGSTON St. Brooklyn, N.Y. 11201

(b) At arraignment and plea: Mr.CHARLES H. BLAKELEY, WAS RELIEVED AS COUNSEL AND REPLACED WITH GEORGE B. LEWIS.

(c) At trial: GEORGE B. LEWIS, 14 METROTECH Ctr. Suite #213 Brooklyn, N.Y. 11201

(d) At sentencing: Same as above

(e) On appeal: JOSHUA M. LEVINE, APPELLATE ADVOCATES 2RECTOR St. 10th Floor, New York 10006

(f) In any post-conviction proceeding: ______

(g) On appeal from any ruling against you in a post-conviction proceeding: ______

17. Do you have any future sentence to serve after you complete the sentence for the judgment that you are challenging? Yes ☐ No ☒

(a) If so, give name and location of court that imposed the other sentence you will serve in the future: ______

(b) Give the date the other sentence was imposed: ______

(c) Give the length of the other sentence: ______

(d) Have you filed, or do you plan to file, any petition that challenges the judgment or sentence to be served in the future? Yes ☐ No ☐

18. TIMELINESS OF PETITION: If your judgment of conviction became final over one year ago, you must explain why the one-year statute of limitations as contained in 28 U.S.C. § 2244(d) does not bar your petition.*

* The Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA") as contained in 28 U.S.C. § 2244(d) provides in part that:

(1) A 1-year period of limitation shall apply to an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court. The limitation period shall run from the latest of —

(A) the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;

(B) the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such state action;

(C) the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or

(D) the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.

(2) The time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward any period of limitation under this subsection.

FCF #3

Therefore, petitioner asks that the Court grant the following relief: A) VACATE THE CONVICTION, SODOMY IN THE FIRST DEGREE, B) ORDER A NEW TRIAL ON THE COUNT OF SODOMY IN THE FIRST DEGREE, C) ASSIGN SUITABLE COUNSEL TO REPRESENT THE CASE.

or any other relief to which petitioner may be entitled.

Terrie D. Pemberton

Signature of Attorney (if any)

I declare (or certify, verify, or state) under penalty of perjury that the foregoing is true and correct and that this Petition for Writ of Habeas Corpus was placed in the prison mailing system on Dec. 11, 2006 12/11/06 (month, date, year).

Executed (signed) on 12/11/06 (date).

Terrie D. Pemberton

Signature of Petitioner

If the person signing is not petitioner, state relationship to petitioner and explain why petitioner is not signing this petition. ______

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

TERRIE D. PEMBERTON, Plaintiff

- v. -

WILLIAM J. CONNOLLY, Supt.
Fishkill Corr. Facility, Defendant(s)

**REQUEST TO PROCEED**
***IN FORMA PAUPERIS***

I, Terrie D. Pemberton, am the plaintiff in the above entitled case. I hereby request to proceed without being required to prepay fees or costs or give security therefore. I state that because of my poverty I am unable to pay the costs of said proceeding or to give security therefore, and I believe I am entitled to redress.

1. If you are presently employed:
   a) give the name and address of your employer
   b) state the amount of your earnings per month

NOT APPLICABLE

I am presently confined by the Department of Correctional Services.

2. If you are **NOT PRESENTLY EMPLOYED:**
   a) state the date of start and termination of your last employment
   b) state your earnings per month

**YOU MUST ANSWER THIS QUESTION EVEN IF YOU ARE INCARCERATED.**

My place employment was in 1999 I worked for Atlantic Pork-Meat Company. Monthy earnings was approximate $800.00 week.

3. Have you received, within the past twelve months, any money from any source? If so, name the source and the amount of money you received.

From my uncle every so often $20.00

a) Are you receiving any public benefits? ☒ No ☐ Yes, $ 00.00

b) Do you receive any income from any other source? ☒ No ☐ Yes, $ 00.00

4. Do you have any money, including any money in a checking or savings account? If so, how much?

No. Only wages paid to me from my institutional prison program.

Do you own any apartment, house or building, stocks, bonds, notes, automobiles or other property? If the answer is yes, describe the property and state its approximate value.

☒ No ☐ Yes, Not Applicable

6. List the person(s) that you pay money to support and the amount you pay each month.

None

7. Do you pay for rent or for a mortgage? If so, how much each month?

None

8. State any special financial circumstances which the Court should consider.

That I am a paruper and I am currently incarcerated.

I understand that the Court shall dismiss this case if I give a false answer to any questions in this declaration. In addition, if I give a false answer I will be subject to penalties for perjury.

I declare under the penalty of perjury that the foregoing is true and correct.

Dated: 12/11/06

Torrie D. Pemberton
(signature)



FCF #3

**TERRIE D. PEMBERTON**
No. 01-A-4912
Fishkill Correctional Facility
P. O. Box 1245
Beacon, New York 12508

FILED
IN CLERK'S OFFICE
U.S. DISTRICT COURT, E.D.N.Y.
★ DEC 15 2006 ★
BROOKLYN OFFICE

November 9, 2006

The Pro Se Office
United States District Court
Eastern District of New York
225 Cadman Plaza East
Brooklyn, New York 11201

RE: **AMENDED PETITION**
**06 CV 5598 (ARR)**

Dear Sir/Madam:

This letter is to inform this office that I am in receipt of the "Memorandum & Order" with the caption entitled: "Terrie D. Pemberton v. Warden of Eastern Correctional Facility". However, since the filing of my petition for the issuance of a Writ of Habeas Corpus I have been transferred to Fishkill Correctional Facility.

Your office mailed the "Memorandum & Order" which is post marked November 13, 2006, it arrived at Eastern Correctional Facility correspondence department on November 15, 2006. By that time I had been transferred to Fishkill Correctional Facility. At Fishkill I received the "Memorandum & Order" on November 20, 2006. I then had to submit a request to attend the facility law library and request for assistance.

Enclosed please find the original and one copy of my "Amended Petition" as indicated by the Memorandum & Order accompanied by a "Request to Proceed in forma pauper". It is my opinion as a layman that the statute of limitation should not bar the instant petition under the AEDPA. Because the period of time I employed in litigating my case via state post conviction remedies took a great deal of time in rendering their decisions. Thus, I was informed that before I could seek federal relief I first had to "exhaust" all state Court remedies by first addressing the issues to the State Court. Hence, credit should be given.

The sequential and chronological order of filing my post convictions motion is as follows:

**FIRST:** Writ of Error Coram Nobis dated May 11, 2004

**REPLY:** November 15, 2004

**APPEAL:** December 12, 2004 Application to Appeal

**REPLY:** March 30, 2005 Leave Denied

**SECOND:** Writ of Error Coram **Nobis** dated January 25, 2005.

REPLY: May 31, 2005

APPEAL: June 23, 2005

REPLY: September 20, 2005 Leave Denied

---

**FIRST:** C.P.L. § 440.10 date filed August 16, 2005

REPLY: December 5, 2005

APPEAL: January 5, 2006

RELPLY: March 10, 2006 Leave Denied

---

**STATE COURT POST CONVICTION REMEDIES FULLY EXHAUSTED**

---

In closing please note that I have followed the Court's Pro Se Office instructions to the best of my ability. Pleas note as well that I have forward a letter to this office in advance requesting for an additional 10 days extention in order to complete and copy the enclosed documents. I remain,

Respectfully attentive

Terrie D. Pemberton

Terrie D. Pemberton

TDP/cd
Enc.
filed

# State of New York
# Court of Appeals

BEFORE: HON. VICTORIA A. GRAFFEO,
Associate Judge

THE PEOPLE OF THE STATE OF NEW YORK,

Respondent,

-against-

TERRIE PEMBERTON,

Appellant.

**CERTIFICATE DENYING LEAVE**

I, VICTORIA A. GRAFFEO, Associate Judge of the Court of Appeals of the State of New York, do hereby certify that upon application timely made by the above-named appellant for a certificate pursuant to section 460.20 of the Criminal Procedure Law and upon the record and proceedings herein,* there is no question of law presented which ought to be reviewed by the Court of Appeals and permission is hereby denied.

Dated: June 26, 2003
at Albany, New York

Victoria A. Graffeo
Associate Judge

* Order of the Appellate Division, Second Department, entered May 5, 2003, affirming a judgment of the Supreme Court, Kings County, rendered August 21, 2001.

James Edward Pelzer
Clerk of the Court

# Supreme Court of the State of New York
## Appellate Division: Second Judicial Department

D4713
O/cf

_____AD3d_____

A. GAIL PRUDENTI, P.J.
FRED T. SANTUCCI
NANCY E. SMITH
ROBERT W. SCHMIDT, JJ.

---

2001-08788

DECISION & ORDER

The People, etc., respondent,
v Terrie Pemberton, appellant.

(Ind. No. 5866/00)

---

Terri Pemberton, Dannemora, N.Y., appellant pro se.

Charles J. Hynes, District Attorney, Brooklyn, N.Y. (Leonard Joblove and Jodi Mandel of counsel), for respondent.

Application by the appellant for a writ of error coram nobis to vacate, on the ground of ineffective assistance of appellate counsel, a decision and order of this court dated May 5, 2003 (*People v Pemberton,* 305 AD2d 430), affirming a judgment of the Supreme Court, Kings County, rendered August 21, 2001.

ORDERED that the application is denied.

The appellant has failed to establish that he was denied the effective assistance of appellate counsel (*see Jones v Barnes,* 463 US 745; *People v Stultz,* 2 NY3d 277).

PRUDENTI, P.J., SANTUCCI, SMITH and SCHMIDT, JJ., concur.

ENTER:

James Edward Pelzer
Clerk of the Court

FCF #3

November 15, 2004

PEOPLE v PEMBERTON, TERRIE

# State of New York
# Court of Appeals

BEFORE: HON. SUSAN PHILLIPS READ,
Associate Judge

THE PEOPLE OF THE STATE OF NEW YORK,

Respondent,

-against-

TERRIE PEMBERTON,

Appellant.

**CERTIFICATE DENYING LEAVE**

I, SUSAN PHILLIPS READ, Associate Judge of the Court of Appeals of the State of New York, do hereby certify that upon application timely made by the above-named appellant for a certificate pursuant to CPL 460.20 and upon the record and proceedings herein,* there is no question of law presented which ought to be reviewed by the Court of Appeals and permission is hereby denied.

Dated: March 30, 2005
Albany, New York

Susan Phillips Read
Associate Judge

* ***Description of Order***: Order of the Appellate Division, Second Department, entered November 15, 2004, denying defendant's motion for a writ of error coram nobis.

ECF #3

# Supreme Court of the State of New York
## Appellate Division: Second Judicial Department

D7117
E/nl

_____AD3d_____

A. GAIL PRUDENTI, P.J.
ANITA R. FLORIO
ROBERT W. SCHMIDT
FRED T. SANTUCCI, JJ.

---

2001-08788 DECISION & ORDER

The People, etc., respondent,
v Terrie Pemberton, appellant.

(Ind. No. 5866/00)

---

Terrie Pemberton, Dannemora, N.Y., appellant pro se.

Charles J. Hynes, District Attorney, Brooklyn, N.Y. (Leonard Joblove and Jodi L. Mandel of counsel), for respondent.

Lynn W. L. Fahey, New York, N.Y. (Joshua M. Levine of counsel), former appellate counsel.

Application by the appellant for a writ of error coram nobis to vacate, on the ground of ineffective assistance of appellate counsel, a decision and order of this court dated May 5, 2003 (*People v Pemberton*, 305 AD2d 430), affirming a judgment of the Supreme Court, Kings County, rendered August 21, 2001.

ORDERED that the application is denied.

The appellant has failed to establish that he was denied the effective assistance of appellate counsel (*see Jones v Barnes*, 463 US 745; *People v Stultz*, 2 NY3d 277).

PRUDENTI, P.J., FLORIO, SCHMIDT and SANTUCCI, JJ., concur.

ENTER: James Edward Pelzer

James Edward Pelzer
Clerk of the Court

May 31, 2005

PEOPLE v PEMBERTON, TERRIE

ECF #3

# State of New York
# Court of Appeals

BEFORE: HON. SUSAN PHILLIPS READ,
Associate Judge

THE PEOPLE OF THE STATE OF NEW YORK,

Respondent,

-against-

TERRIE PEMBERTON,

Appellant.

**CERTIFICATE DENYING LEAVE**

I, SUSAN PHILLIPS READ, Associate Judge of the Court of Appeals of the State of New York, do hereby certify that upon application timely made by the above-named appellant for a certificate pursuant to CPL 460.20 and upon the record and proceedings herein,* there is no question of law presented which ought to be reviewed by the Court of Appeals and permission is hereby denied.

Dated: September 20, 2005
Albany, New York

Susan Phillips Read
Associate Judge

* ***Description of Order***: Order of the Appellate Division, Second Department, entered May 31, 2005, denying defendant's motion for a writ of error coram nobis.

FCF #3

CPL 450.15 and 460.15

---

***<u>NOTICE OF RIGHT TO APPLY FOR A CERTIFICATE GRANTING LEAVE TO APPEAL</u>***

To: Terrie Pemberton

Date: 12-9-05

Indictment Number: 5866-00

---

Your motion pursuant to section 440 of the Criminal Procedure Law was denied by Justice: Del Guidice

You do not have an automatic right to appeal. However, you do have a right to apply to the Appellate Division for a Certificate Granting Leave to Appeal. This application must be filed within 30 days of your being served by the District Attorney or the Court with the Court Order denying your motion.

The application must contain your name and address, indictment number, the questions of Law or fact which you believe ought to be reviewed and a statement that no prior application for such Certificate has been made. You must include a copy of the Court Order and a copy of any opinion of the Court. In addition, you must serve a copy of your application on the District Attorney.

APPELLATE DIVISION, 2nd Department
45 Monroe Place
Brooklyn, NY 11201

KINGS COUNTY SUPREME COURT
Criminal Appeals
320 Jay Street
Brooklyn, NY 11210

KINGS COUNTY DISTRICT ATTORNEY
Appeals Bureau
350 Jay Street
Brooklyn, NY 11210

FCF #3

Mot 01 - 04 - 99

# Supreme Court of the State of New York
## Appellate Division : Second Judicial Department

RECEIVED
KINGS COUNTY D.A. OFFICE
APPEALS BUREAU

'06 MAR 14 A9:09

M36548
F/

STEPHEN G. CRANE, J.

---

2006-00680

DECISION & ORDER ON APPLICATION

The People, etc., plaintiff,
v Terrie Pemberton, defendant.

(Ind. No. 5866/00)

---

Application by the defendant, pursuant to CPL 450.15 and 460.15 for a certificate granting leave to appeal to this court from an order of the Supreme Court, Kings County, dated December 5, 2005, which has been referred to me for determination.

Upon the papers filed in support of the application and the papers filed in opposition thereto, it is

ORDERED that the application is denied.

Stephen G. Crane
STEPHEN G. CRANE
Associate Justice

FCF #3

March 10, 2006

PEOPLE v PEMBERTON, TERRIE