UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
------------------------------------------------------x
TERRIE D. PEMBERTON,

    Petitioner,

-against-

WARDEN, *Eastern Correctional Facility*,

    Respondent.
------------------------------------------------------x

06-CV-5598 (ARR)

NOT FOR ELECTRONIC
OR PRINT PUBLICATION

MEMORANDUM AND ORDER

ROSS, United States District Judge:

  Petitioner Terrie D. Pemberton brought this *pro se* petition for relief from a judgment of conviction entered in Kings County. By Order dated November 9, 2006, this Court directed Petitioner to file an amended petition pursuant to 28 U.S.C. § 2254 and to show cause why the petition should not be dismissed as time-barred. However, the amended petition and exhibits received by the Court on December 15, 2006 fail to demonstrate that the instant petition is timely. Therefore, the petition is dismissed as time-barred.

  The Antiterrorism and Effective Death Penalty Act (AEDPA) provides a one-year statute of limitations during which petitioners must file their petitions for writs of habeas corpus. 28 U.S.C. § 2244(d)(1). Generally, this one-year period runs from "the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review." Id. Petitioner was convicted and sentenced on August 21, 2001. He appealed his conviction, which was affirmed on May 5, 2003 by the New York Supreme Court, Appellate Division, Second Department ("Appellate Division"). People v. Pemberton, 758 N.Y.S.2d 518, 2003 N.Y. Slip Op. 13896 (2d Dep't 2003). Petitioner then sought leave to appeal to the New York State Court of Appeals, which denied his application on June 26, 2003. People v.

Pemberton, 100 N.Y.2d 564 (2003). Petitioner did not seek a writ of certiorari from the United States Supreme Court. Accordingly, his conviction became final on September 24, 2003, ninety days after the Court of Appeals denied leave to appeal. See Williams v. Artuz, 237 F.3d 147, 150-51 (2d Cir.), cert. denied, 534 U.S. 924 (2001).

The AEDPA provides that "[t]he time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward any period of limitation under this subsection." 28 U.S.C. § 2244(d)(2). A properly filed application for State post-conviction or other collateral review typically tolls the period "from the time it is first filed until finally disposed of and further appellate review is unavailable under the particular state's procedures." Bennett v. Artuz, 199 F.3d 116, 120 (2d Cir. 1999), aff'd, 531 U.S. 4 (2000); see also Cortorreal v. Artuz, 281 F. Supp. 2d 524, 526-27 (E.D.N.Y. 2003).

In this case, petitioner alleges that he filed the first of his post-conviction motions on May 11, 2004, prior to the expiration of the statute of limitations period, and leaving him with a balance of 135 days within which to file his § 2254 petition. This first petition for a writ of error coram nobis was denied by the Appellate Division on November 15, 2004, People v. Pemberton, 784 N.Y.S.2d 366, 2004 N.Y. Slip Op. 08246 (2d Dep't 2004), and the Court of Appeals denied leave to appeal on March 30, 2005. People v. Pemberton, 4 N.Y.3d 834 (2005). Petitioner filed his second petition for a writ of error coram nobis on January 25, 2005. The Appellate Division denied the writ on May 31, 2005, People v. Pemberton, 795 N.Y.S.2d 468, 2005 N.Y. Slip Op. 04436 (2d Dep't 2005), and the Court of Appeals again denied leave to appeal on September 20, 2005. People v. Pemberton, 5 N.Y.3d 832 (2005). While that appeal was pending, Petitioner

filed a motion to vacate the judgment pursuant to N.Y.C.P.L. § 440.10 on August 16, 2005, which was denied on December 5, 2005, and leave to appeal was denied by the Appellate Division on March 10, 2006. Accordingly, the period between May 11, 2004 and March 10, 2006 may be tolled. However, Petitioner then let another 207 days elapse prior to filing his original petition pursuant to 28 U.S.C. § 2254 in this Court on October 3, 2006. By that time, the statute of limitations period had expired.

Accordingly, the petition is time-barred unless there is a basis for equitable tolling of the time limitation. Petitioner's affirmation does not assert facts that would warrant such a finding. Equitable tolling is appropriate only where a "rare and exceptional circumstance" prevented the petitioner from filing his application on time. Smith v. McGinnis, 208 F.3d at 17 (internal citations omitted). Petitioner does not present any circumstances which would warrant equitable tolling.[1]

---

[1] In a letter addressed to the Pro Se Office and received by the Court on Dec. 15, 2006, Petitioner seeks credit for the time that his post-conviction motions were pending before the state courts. See Petitioner's Letter dated November 9, 2006. As discussed above, the tolling period during which these motions were pending is insufficient to excuse Petitioner's delay in filing his petition.

Accordingly, the petition for a writ of habeas corpus is dismissed as time-barred. A certificate of appealability shall not issue because petitioner has not made a substantial showing of the denial of a constitutional right. See 28 U.S.C. § 2253(c)(2). The Court certifies pursuant to 28 U.S.C. § 1915(a) that any appeal from a judgment denying the instant petition would not be taken in good faith. Coppedge v. United States, 369 U.S. 438 (1962).

SO ORDERED.

ALLYNE R. ROSS
United States District Judge

Dated: January 2, 2007
Brooklyn, New York