FILED
IN CLERK'S OFFICE
U.S. DISTRICT COURT, E.D.N.Y
★ FEB 28 2007 ★
BROOKLYN OFFICE

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
----------------------------------------x
TERRIE D. PEMBERTON,

        Petitioner,

-against-

WARDEN, *Eastern Correctional Facility*,

        Respondent.
----------------------------------------x

06-CV-5598 (ARR)

NOT FOR ELECTRONIC
OR PRINT PUBLICATION

MEMORANDUM AND ORDER

ROSS, United States District Judge:

    Petitioner Terrie D. Pemberton brought this *pro se* petition for relief from a state court judgment of conviction. By Order dated November 9, 2006, the Court directed Petitioner to file an amended petition pursuant to 28 U.S.C. § 2254 and to show cause why the petition should not be dismissed as time-barred by the one-year statute of limitations provided by the Antiterrorism and Effective Death Penalty Act of 1996. Petitioner complied with the Court's request and filed an amended petition on December 15, 2006. However, the amended petition failed to demonstrate that the instant petition was timely or that any extraordinary circumstances existed that would be sufficient to toll the statutory period. Accordingly, the Court dismissed the petition as time-barred.

    Petitioner has now submitted additional information to the Court, which the Court liberally construes as a motion for reconsideration pursuant to Rule 60(b) of the Federal Rules of Civil Procedure. In his motion, dated February 6, 2007, Petitioner explains that his delay in filing his initial post-conviction motion in state court was caused by his difficulty in soliciting timely assistance from other inmates. In particular, he asserts that the nature of his conviction made him fearful of discussing his case with other inmates, and thus led him to rely on one

inmate who took several months to complete Petitioner's state court motion. Petitioner further explains that after his state court remedies were exhausted, the additional delay in filing his federal petition was caused by his ongoing lack of access to assistance and his transfers among correctional facilities.

This additional information may not serve as the basis for equitable tolling of the statute of limitations. Equitable tolling is appropriate only where a "rare and exceptional circumstance" prevented the petitioner from filing his application on time. Smith v. McGinnis, 208 F.3d 13, 17 (2d Cir. 2000) (internal citations omitted). Petitioner's lack of access to legal counsel may not serve as the basis for equitable tolling. See e.g. Francis v. Miller, 198 F. Supp. 2d 232, 235 (E.D.N.Y. 2002) (ignorance of law and difficulty in seeking legal assistance are not extraordinary circumstances to warrant equitable tolling); Chan v. United States, Docket No. 00 CV 0862, 2000 WL 1843290, at *2 (E.D.N.Y. Oct. 25, 2000) (that petitioner "must rely on inmate jail house lawyers" and that his attempts to obtain legal advice from fellow inmates "have not been fruitful" did not qualify as extraordinary circumstances); Fennell v. Artuz, 14 F. Supp. 2d 374, 377 (S.D.N.Y. 1998) (holding that equitable tolling based on excuses common among prisoners, such as lack of education and lack of familiarity with legal research, would undermine the AEDPA statute of limitations). Nor may his transfers among facilities. Warren v. Kelly, 207 F. Supp. 2d 6, 10 (E.D.N.Y. 2002) ("Transfers between prison facilities, solitary confinement, [and] lockdowns ... do not qualify as extraordinary circumstances." (citations omitted)). The Court finds that Petitioner's circumstances are not extraordinary and do not warrant equitable tolling.

Accordingly, Petitioner's request for reconsideration is denied, as his submission does not alter the Court's conclusion that the petition for a writ of habeas corpus is properly dismissed as time-barred.

SO ORDERED.

_____
ALLYNE R. ROSS
United States District Judge

Dated: Brooklyn, New York
February 28, 2007

SERVICE LIST

*Petitioner*
Terrie D. Pemberton
# 01-A-4912
Fishkill Correctional Facility
HU-2-29
Box 1245
Beacon, NY 12508